# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Newport News Division

LISA BARHAM,

    Plaintiff,

v.                                            ACTION NO. 4:10cv42

AMERICAN MEDICAL LINK, INC.,

    Defendant.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered September 9, 2010.

This case was referred for a report and recommendation on a motion to enforce the settlement agreement filed by plaintiff, Lisa Barham. ECF No. 6. For the reasons stated herein, the Court recommends that the Plaintiff's Motion to Enforce the Settlement Agreement be GRANTED and an appropriate Order be entered awarding the Plaintiff the settlement amount of Sixty Thousand dollars ($60,000.00). This Court recommends the Plaintiff's request for attorneys' fees incurred in pursuing the enforcement of the agreed upon settlement (ECF No. 12) be DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

As the Defendant has filed no responsive pleadings, the factual history is derived solely from the Plaintiff's Complaint. ECF No. 1. This action was brought pursuant to alleged violations of

Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §2000e, et seq. The Plaintiff was employed by Defendant as a biomedical lead technician. Defendant was a subcontractor of J.K. Hill and Associates, whom acted as a subcontractor for NEMSCOM. Plaintiff's supervisor was an employee of NEMSCOM, Tim Mitchell ("Mitchell").

Prior to instituting this suit, Plaintiff filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC). In or about October 2006, Plaintiff initially filed a charge with the EEOC as a result of her alleged harassment by Mitchell. The EEOC conducted an investigation into Mitchell's conduct and, during this investigation, the contractual relationship between the Defendant and NEMSCOM was not renewed. When the contract was not renewed, Plaintiff alleged with the EEOC that Defendant subsequently began a pattern of retaliation against the Plaintiff for loss of the contract.

After being terminated, Plaintiff filed a Complaint with this Court on April 9, 2010. ECF No. 1. Approximately four months passed before Plaintiff filed this instant Motion for Enforcement of Settlement Agreement. ECF No. 6. According to Plaintiff's motion, during the interim four months, the Defendant's attorney had contacted her and requested time to negotiate a settlement before filing responsive pleadings with this Court. A settlement agreement was reached for a total of Sixty Thousand Dollars ($60,000.00), which was memorialized in a contract between the parties. Mem. in Support of Mot. for Enforcement of Settlement Agreement, ECF No. 7-1. As of this date, none of the promised money has been remitted to the Plaintiff, and Plaintiff is seeking an enforcement of the agreement through this Court. A hearing was held on September 14, 2010. Plaintiff was represented by attorneys Todd M. Gaynor, Esq. and Greg W. Klein, Esq. Defendant was represented by attorney Kevin D. Holden, Esq. The official record was taken by Sharon Borden. At the hearing,

Plaintiff agreed to file a motion for attorneys' fees[1] and a schedule of such fees in support of his demand. Plaintiff filed such motion on September 15, 2010. ECF No. 13.

## II. ANALYSIS

Plaintiff argues that the Court has authority to enforce this settlement agreement as a properly executed contract within its jurisdiction. Mem. in Support of Mot. to Enforce Settlement Agreement, ECF No. 7. At the hearing, Defendant conceded on the record that the parties were contractually bound through the settlement agreement and Defendant had no interest in contesting the terms of the agreement or the amount of settlement contained therein. Defendant's attorney indicated a number of financial obligations were levied against his client between the date of the contract and the date of performance. The financial difficulties have caused American Medical Link to breach its contract with Plaintiff. Plaintiff requests that this Court order a judgment to be entered against Defendant for the full amount of the settlement. Additionally, Plaintiff requested this Court enter an order for attorneys' fees in the amount of Five Thousand Nine Hundred and Fifty dollars ($5,950.00) plus interest; the amount incurred to take additional steps to enforce the settlement agreement.[2] For the reasons stated below, this Court recommends GRANTING Plaintiff's Motion for a $60,000 judgment to be entered against Defendant, and DENYING the Plaintiff's Motion for additional

---

[1] The Plaintiff's Motion for Attorneys' fees (ECF No. 13) is Plaintiff's first request to this Court for an award of attorneys' fees. During the Hearing, however, it was noted by counsel that shifting attorneys' fees was agreed to by both parties and was memorialized in ¶ 2 "Consideration" of the final Settlement Agreement. In that paragraph, a portion ($19,000.00) of the total $60,000.00 was to be awarded directly to Plaintiff's attorneys for payment of legal fees incurred. ECF No. 6-1. For this reason, this Report and Recommendation will refer to the present Motion for Attorneys' Fees as "additional attorneys' fees."

[2] During the September 14, 2010 hearing and in ¶ 2 of the Motion for Attorneys' Fees, Plaintiff requested $7,500.00 in attorneys' fees. Paragraph 12–14 and the Demand of the Motion for Attorneys' Fees, however, recite the requested amount of $5,950.00. This appears to be a discrepancy. The Plaintiff has detailed calculations which result in the amount of $5,950.00, therefore the Court will consider this amount during its recommendation.

attorneys' fees.

## A. Judgment of Sixty-Thousand Dollars

The Fourth Circuit adheres to a strong policy of fostering settlement to "advantage the parties and to conserve scarce judicial resources." United States ex rel. McDermitt, Inc. v. Centex-Simpson Construction Co., 34 F. Supp. 2d 397, 399 (N.D.W.V. 1999) (citing Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177 (4th Cir. 1993)). To achieve that end, "a district court judge possesses 'the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement . . . .'" Id. (quoting Petty v. The Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988)). When a court is presented with a settlement agreement that has been "reduced to terms of dollars and cents, the district court has the power and authority to enforce payment of that amount . . . ." Id. A settlement agreement may be vacated or declared unenforceable by a court, but only where the agreement is "substantially unfair" or a product of "extraordinary circumstances." Petty, 849 F.2d at 132–333; Mungin v. Calmar Steamship Corp., 342 F. Supp. 484, 485 (D. Md. 1972). In this instance, neither party disputes the contents of the settlement agreement or argues that the agreement is a product of malfeasance by either side. Additionally, neither party disputes that a payment of $60,000 should have been delivered to the Plaintiff at the time of this Motion. Therefore, this Court, in its power to enforce a settlement agreement before it, recommends judgment to be entered against Defendant in full satisfaction of the settlement agreement.

## B. Attorney's Fees Since August 5, 2010

Plaintiff's counsel requested additional compensation in the form of attorneys' fees during the September 14, 2010 hearing, and supplemented their request with a corresponding Motion the following day. Plaintiff requests attorneys' fees be awarded in the amount of $5,950.00 to compensate for the additional 23.8 hours expended by the Plaintiff's counsel in pursuing the

enforcement of this settlement agreement. Pl's Mem. in Support of Mot. for Attorneys' Fees, ECF No. 13, p.2. Plaintiff argues that but for the Defendant's "malfeasance" in their failure to submit the agreed upon $60,000.00 on time, the Plaintiff would not have had to expend the additional funds.

When considering the award of attorneys' fees, the American Rule typically governs, dictating that "each party bears its own costs of litigation unless statutory authority exists for an award of attorneys' fees or an exception to the rule applies." Huttenstine v. Mast, 537 F. Supp. 2d 795, 804 (E.D.N.C. 2008) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 245–47 (1975)). No statutory exception applies, but the Plaintiff argues that another exception applies which would permit this Court to grant an award of attorneys' fees. A district court may grant attorneys' fees to a winning party when the losing party has "acted in bad faith, vexatiously, or wantonly." Alyeska, 421 U.S. at 258. Plaintiff asserts that due to no fault of her own, she was required to expend additional attorneys' fees that were not contemplated during the negotiation of her settlement agreement. Pl's Mem. at 5–6, ECF No. 13.

Plaintiff alleges malfeasance on the part of Defendant twice during her Motion, but fails to further allege specifics regarding Defendant's misconduct. Id. at 2, 6. The district court may only shift attorneys' fees in cases where the Defendant acted with bad faith, vexatiously, or wantonly. This remedy is reserved for "extraordinary circumstances" where a defendant's actions were "so egregious" that they warranted an exception to the general rule. Hensley v. Alcon Labs, 277 F.3d 535, 543 (4th Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)); see also Huttenstine, 537 F. Supp. 2d at 804. Because specific egregious conduct cannot be found on the part of the Defendant, which amounts to bad faith, wanton misconduct, or vexatious behavior, this Court finds that an award of attorneys' fees would be inappropriate in this case.

## III. RECOMMENDATION

For the above stated reasons, this Court recommends that Lisa Barham's Motion to Enforce the Settlement Agreement be GRANTED and an appropriate Order be entered awarding the Plaintiff the settlement amount of Sixty Thousand dollars ($60,000.00). This Court recommends DENYING an award of attorneys' fees.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 19, 2010